**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter __7__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Luminous Chao, Inc.** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **36-4095008** | |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **115 Tottenham Lane** **Elk Grove Village, IL 60007** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.luminous-chao.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Luminous Chao, Inc.**                                          Case number (*if known*) _____
Name

**7.** **Describe debtor's business**      A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**      *Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | When | Case number |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | | Relationship |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

| Debtor | **Luminous Chao, Inc.** | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Luminous Chao, Inc.** | Case number (*if known*) | |
| | Name | | |

---

| | **Request for Relief, Declaration, and Signatures** |

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is trued and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on    **October 14, 2016**
                MM / DD / YYYY

**X** /s/ Christopher M Sharrer                                    Christopher M Sharrer
Signature of authorized representative of debtor                  Printed name

Title    **President**

---

| **18. Signature of attorney** | **X** /s/ John J Lynch                              Date    **October 14, 2016** |
| | Signature of attorney for debtor                           MM / DD / YYYY |

**John J Lynch**
Printed name

**Lynch Law Offices, P.C.**
Firm name

**1011 Warrenville Road, Ste. 150**
**Lisle, IL 60532**
Number, Street, City, State & ZIP Code

Contact phone    **630-960-4700**        Email address    **JLynch@Lynch4Law.Com**

**6270193**
Bar number and State

**Fill in this information to identify the case:**

Debtor name     **Luminous Chao, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
    amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __**October 14, 2016**__     *X* **/s/ Christopher M Sharrer**
                                            Signature of individual signing on behalf of debtor

                                            **Christopher M Sharrer**
                                            Printed name

                                            **President**
                                            Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Luminous Chao, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B*............................................................................................ $      **0.00**

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B*......................................................................................... $      **600.00**

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B*........................................................................................... $      **600.00**

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $      **0.00**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................... $      **500.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................... +$      **218,728.00**

4. Total liabilities ...........................................................................................................................
   Lines 2 + 3a + 3b       $      **219,228.00**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Luminous Chao, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **PNC Bank** | **Business Checking Account** | 2644 | $600.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | $600.00 |
   |---|

**Part 2:    Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:    Accounts receivable**

10. **Does the debtor have any accounts receivable?**

   ■ No. Go to Part 4.
   ☐ Yes Fill in the information below.

**Part 4:    Investments**

13. **Does the debtor own any investments?**

   ■ No. Go to Part 5.
   ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Luminous Chao, Inc.**                                    Case number *(If known)* _____
Name

---

**Part 5:**    **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

---

**Part 8:**    **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

---

**Part 9:**    **Real property**

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

---

**Part 10:**    **Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations**<br>Customer Lists | Unknown | N/A | Unknown |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor   **Luminous Chao, Inc.**                                     Case number *(If known)* _____
      Name

66.   **Total of Part 10.**                                                    **$0.00**

      Add lines 60 through 65. Copy the total to line 89.

67.   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107)**?**

      ■ No
      ☐ Yes

68.   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

      ■ No
      ☐ Yes

69.   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

      ■ No
      ☐ Yes

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ■ No.  Go to Part 12.
    ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    **Luminous Chao, Inc.**                    Case number *(If known)* _____
Name

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $600.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.....................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $600.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $600.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **Luminous Chao, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
    amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Luminous Chao, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address<br>**Internal Revenue Service (IRS)**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** | $500.00 | $500.00 |

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

Basis for the claim:
**Withholding**

Last 4 digits of account number _____

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
☑ No
☐ Yes

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address<br>**American Express Blue**<br>**Box 0001**<br>**Los Angeles, CA 90096** | $41,012.00 |

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:   **Business Debt**

Is the claim subject to offset? ☑ No ☐ Yes

|  |  | Amount of claim |
|---|---|---|
| **3.2** | Nonpriority creditor's name and mailing address<br>**Arlene Levin, CPA**<br>**Wipfli LLP**<br>**5 Revere Drive**<br>**Northbrook, IL 60062** | $1,900.00 |

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:   **Accountant Fees**

Is the claim subject to offset? ☑ No ☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     33141     Best Case Bankruptcy

| Debtor | Luminous Chao, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

---

**3.3** | Nonpriority creditor's name and mailing address

**Bank of America - Business Card**
PO Box 15796
Wilmington, DE 19886

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$12,000.00**

---

**3.4** | Nonpriority creditor's name and mailing address

**Bank of America - LOC**
PO Box 15796
Wilmington, DE 19886

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Line of Credit
 Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$40,542.00**

---

**3.5** | Nonpriority creditor's name and mailing address

**Corona**
22440 Temescal Canyon Rd
Corona, CA 92883

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$2,656.00**

---

**3.6** | Nonpriority creditor's name and mailing address

**Loos & Co., Inc**
901 Industrial Blvd.
Naples, FL 34104

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$3,630.00**

---

**3.7** | Nonpriority creditor's name and mailing address

**Metro Resource Inv & Management Inc**
4069 Joseph Dr., Ste. B3
Waukegan, IL 60087

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Warehouse Lease**

Is the claim subject to offset? ■ No ☐ Yes

**$5,604.00**

---

**3.8** | Nonpriority creditor's name and mailing address

**Pygar Incorporated**
PO Box 3147
Kirkland, WA 98083

Date(s) debt was incurred __
Last 4 digits of account number  **Various**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Inventory Items**

Is the claim subject to offset? ■ No ☐ Yes

**$97,918.00**

---

**3.9** | Nonpriority creditor's name and mailing address

**Snap-On Industrial Brands**
23001 Network Place
Chicago, IL 60673

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$13,345.00**

---

| Debtor | **Luminous Chao, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $121.00 |
|---|---|---|---|

**The CBE Group, Inc.**
**1309 Technology Pkwy**
**Cedar Falls, IA 50613**

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Comcast Cable Service**

Is the claim subject to offset? ■ No  ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Abrams & Abrams P.C.**<br>**180 W. Washington St., Ste 910**<br>**Chicago, IL 60602** | Line  **3.8**<br><br>☐ Not listed. Explain ____ | _ |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | | 5a. | $ 500.00 |
| 5b. Total claims from Part 2 | | 5b. + | $ 218,728.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | | 5c. | $ 219,228.00 |

**Fill in this information to identify the case:**

Debtor name __**Luminous Chao, Inc.**__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
    (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest  **Warehouse Lease** | |
| State the term remaining | |
| List the contract number of any government contract  _____ | **Metro Resource Inv & Management Inc**<br>**4069 Joseph Dr., Ste. B3**<br>**Waukegan, IL 60087** |

**Fill in this information to identify the case:**

Debtor name __**Luminous Chao, Inc.**__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: **Codebtor**　　　　　　　　　　　　　Column 2: **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Christopher Shaver** | **115 Tottenham Lane Elk Grove Village, IL 60007** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 | **Christopher Shaver** | **115 Tottenham Lane Elk Grove Village, IL 60007** | **Bank of America - Business Card** | ☐ D _____ ■ E/F __3.3__ ☐ G _____ |
| 2.3 | **Christopher Shaver** | **115 Tottenham Lane Elk Grove Village, IL 60007** | **Bank of America - LOC** | ☐ D _____ ■ E/F __3.4__ ☐ G _____ |
| 2.4 | **Marcia J Diverde** | **115 Tottenham Lane Elk Grove Village, IL 60007** | **American Express Blue** | ☐ D _____ ■ E/F __3.1__ ☐ G _____ |
| 2.5 | **Marcia J Diverde** | **115 Tottenham Lane Elk Grove Village, IL 60007** | **Bank of America - Business Card** | ☐ D _____ ■ E/F __3.3__ ☐ G _____ |

| Debtor | **Luminous Chao, Inc.** | Case number *(if known)* | |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| 2.6 | **Marcia J Diverde** | **115 Tottenham Lane**<br>**Elk Grove Village, IL 60007** | **Bank of America - LOC** | ☐ D _____<br>☑ E/F __3.4__<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **Luminous Chao, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:   Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2016** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | $76,595.00 |
   | **For prior year:**<br>From  **1/01/2015** to **12/31/2015** | ■ Operating a business<br>☐ Other _____ | $911,948.00 |
   | **For year before that:**<br>From  **1/01/2014** to **12/31/2014** | ■ Operating a business<br>☐ Other _____ | $1,163,353.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

| Debtor | Luminous Chao, Inc. | Case number *(if known)* |
|--------|---------------------|--------------------------|

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Pygar USA, Inc. v Luminous Chao, Inc. 2016 L 4459 | Collection | Circuit Court of Cook County, Illin Richard J. Daly Center 50 W. Washington Chicago, IL 60602 | ■ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

Debtor    **Luminous Chao, Inc.**    Case number *(if known)* _____

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | **Forest Perserve of Cook County**<br>**536 North Harlem Avenue**<br>**River Forest, IL 60305** | **Misc. Tools, Spare Parts and Furniture / Office Supplies** | **May, 2016** | **$8,561.00** |
| | Recipients relationship to debtor<br>**None** | | | |
| 9.2. | **Woods and Prairie Foundation**<br>**1625 Ferndale Ave.**<br>**Northbrook, IL 60062** | **Misc. Tools, Spare Parts and Furniture** | **5/2016** | **$1,320.00** |
| | Recipients relationship to debtor<br>**None** | | | |

---

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Lynch Law Offices, P.C.**<br>**1011 Warrenville Road, Ste. 150**<br>**Lisle, IL 60532** | **Attorney Fees** | | **$2,500.00** |
| | Email or website address<br>**JLynch@Lynch4Law.Com** | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

☑ None.

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Luminous Chao, Inc.**                                              Case number *(if known)* _____

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:** Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **UPS Store - Rented Drop Box** **836 Arlington Heights Rd., Ste. 346** **Elk Grove Village, IL 60007** | **1995 - present** |
| 14.2. | **1550 E Higgins Road, Ste. 122** **Elk Grove Village, IL 60007** | **2012 - 4/30/16** |

**Part 8:** Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:** Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

Debtor    **Luminous Chao, Inc.**                                    Case number *(if known)*  _____

---

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **Bank of America** | **XXXX-** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **4/2016** | **$35,000.00** |
| 18.2. | **Bank of America** | **XXXX-** | ☐ Checking<br>■ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **3/2016** | **$100.00** |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:  Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Debtor   **Luminous Chao, Inc.**                                      Case number *(if known)* _____

similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

    ■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **Arlene Levin, CPA**<br>**Wipfli LLP**<br>**5 Revere Drive**<br>**Northbrook, IL 60062** | **2013 - present** |

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

Debtor    **Luminous Chao, Inc.**                                                    Case number *(if known)* _____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Christopher Shaver**<br>**115 Tottenham Lane**<br>**Elk Grove Village, IL 60007** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Christopher Shaver** | **115 Tottenham Lane**<br>**Elk Grove Village, IL 60007** | **President** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Marcia J Diverde** | **115 Tottenham Lane**<br>**Elk Grove Village, IL 60007** | **Secretary** | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1    **Christopher Shaver**<br>**115 Tottenham Lane**<br>**Elk Grove Village, IL 60007** | | | |
| **Relationship to debtor**<br>**Shareholder** | | | |

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

Debtor    **Luminous Chao, Inc.**                                Case number *(if known)*

---

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

**Part 14:** **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 14, 2016**

**/s/ Christopher M Sharrer**                    **Christopher M Sharrer**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re **Luminous Chao, Inc.** _____  Case No. _____

Debtor(s)   Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **1,900.00** |
| Prior to the filing of this statement I have received | $ | **1,900.00** |
| Balance Due | $ | **0.00** |

2.  $ **335.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 14, 2016** _____     **/s/ John J Lynch** _____
_Date_                                            **John J Lynch 6270193**
                                                  _Signature of Attorney_
                                                  **Lynch Law Offices, P.C.**
                                                  **1011 Warrenville Road, Ste. 150**
                                                  **Lisle, IL 60532**
                                                  **630-960-4700  Fax: 630-324-7131**
                                                  **JLynch@Lynch4Law.Com**
                                                  _Name of law firm_

---

=== *LAW OFFICES OF* ===

# Lynch Law Offices, P.C.

Website: www.Lynch4Law.com

1011 WARRENVILLE ROAD, SUITE 150
LISLE, ILLINOIS 60532
TELEPHONE (630) 960-4700
FACSIMILE (630) 960-4755

*pd $5000 4/16*
*Pc lwc 7/16*

## ATTORNEY-CLIENT FEE CONTRACT

This attorney-client fee contract ("Contract") is entered into by and between Luminous Chao, Inc. ("Client") and Lynch Law Offices, P.C. ("Lawyer").

1. ## CONDITIONS

This Contract will not take effect, and Lawyer will have no obligations to provide legal services, until Client returns a signed copy of this Contract and pays the initial deposit called for under paragraph 3.

2. ## SCOPE AND DUTIES

Client hires lawyer to provide legal services in connection with: Luminous Chao, Inc. Lawyer shall provide those legal services reasonably required to represent Client, and shall take all reasonable steps necessary to keep Client informed of progress and to respond to Client's inquiries. Client shall be truthful with Lawyer, cooperate with Lawyer, keep Lawyer informed of developments, abide by this Contract, pay Lawyer's fees and costs as set forth in monthly billing statements on time and keep Lawyer advised of Client's current address, telephone number, and other contact information.

3. ## DEPOSIT

Client shall deposit $ 5,000.00 to be considered as an Advanced Fee Retainer. Client will maintain a minimum balance of $ 500.00 on account at all time and will replenish the retainer amount when the balance falls below the minimum.

4. ## LEGAL FEES

Client agrees to pay for legal services at the following rates:
Attorney Time              $350.00 hour
Paralegals                 $ 75.00 hour.
Lawyer charges in minimum units of two-tenths (.2) of an hour.

Lynch Law Offices, P.C.

## 5. COSTS AND EXPENSES

In addition to paying legal fees, Client shall reimburse Lawyer for all costs and expenses incurred by Lawyer, including, but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office photocopying at $ .25 per page, parking, mileage at $ .44 per mile, investigation expenses, consultants' fees, expert witness fees and other similar items. Client authorizes Lawyer to incur all reasonable costs and to hire any investigators, consultants, or expert witnesses reasonably necessary in Lawyer's judgment.

Lawyer shall obtain Client's consent before incurring any cost in excess of $ 500.00.

Lawyer shall obtain Client's consent before retaining outside investigators, consultants, or expert witnesses.

## 6. STATEMENTS

Lawyer shall send Client periodic statements for fees and cost incurred. Client shall pay Lawyer's statements within 10 days after each statement's date, and any unpaid fess and cost shall incur an interest charge of 18% per annum. Client may request a statement at intervals of no less than 30 days. Upon Client's request, Lawyer will provide a statement within 10 days. Any unpaid fess and cost shall incur an interest charge of 18 % per annum.

## 7. LIEN

Client hereby grants Lawyer an attorney lien on client's property which is the subject of this representation, and all claims or causes of action that are the subject of Lawyer's representation under this Contract. Lawyer's lien will be for any sums due and owing to Lawyer, interim and at the conclusion of Lawyer's services. The lien will attach to clients property and any recovery Client may obtain whether by arbitration award, judgment, settlement, or otherwise.

## 8. DISCHARGE AND WITHDRAWAL

Client may discharge Lawyer at any time. Lawyer may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Contract (including failure to pay lawyer's fee timely), Client's refusal to cooperate with Lawyer or to follow Lawyer's advice on a material matter or any other fact or circumstance that would render Lawyer's continuing representation unlawful or unethical.

Lynch Law Offices, P.C.

## 9. TERMINATION OF SERVICES

This representation will terminate when the retainer is exhausted unless you pay ant outstanding invoice(s) and refresh the retainer withion 10 days after receiving an invoice with an outstanding balance.

## 10. CONCLUSION OF SERVICES

When Lawyer's services conclude, all unpaid charges shall become immediately due and payable. After Lawyer's services conclude, Lawyer will, upon Client's request and payment of shipment cost, deliver Client's file to Client, along with any Client funds or property in Lawyer's possession.

## 11. DISCLAIMER OF GUARANTEE

Nothing in this Contract and nothing in Lawyer's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Lawyer makes no such promises or guarantees. Lawyer's comments about the outcome of Client's matter are an expression of opinion only.

## 12. EFFECTIVE DATE

This Contract will take effect when Client has performed the conditions stated in paragraph 1, but its effective date will be retroactive to the date Lawyer first provided services. The date at the beginning of this Contract is for reference only. Even if this Contract does not take effect, Client will be obligated to pay Lawyer for the reasonable value of any services Lawyer may have performed for Client.

LYNCH LAW OFFICES, P.C.

By:

Luminous Chao, Inc.

Marcia DiVerde                    Date: April 16, 16

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Luminous Chao, Inc.**                             Case No.

                                                      Debtor(s)      Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                          **14**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **October 14, 2016**                        **/s/ Christopher M Sharrer**

                                                    **Christopher M Sharrer**/President
                                                     Signer/Title

Abrams & Abrams P.C.
180 W. Washington St., Ste 910
Chicago, IL 60602


American Express Blue
Box 0001
Los Angeles, CA 90096


Arlene Levin, CPA
Wipfli LLP
5 Revere Drive
Northbrook, IL 60062


Bank of America - Business Card
PO Box 15796
Wilmington, DE 19886


Bank of America - LOC
PO Box 15796
Wilmington, DE 19886


Christopher Shaver
115 Tottenham Lane
Elk Grove Village, IL 60007


Corona
22440 Temescal Canyon Rd
Corona, CA 92883


Internal Revenue Service (IRS)
PO Box 7346
Philadelphia, PA 19101-7346


Loos & Co., Inc
901 Industrial Blvd.
Naples, FL 34104


Marcia J Diverde
115 Tottenham Lane
Elk Grove Village, IL 60007


Metro Resource Inv & Management Inc
4069 Joseph Dr., Ste. B3
Waukegan, IL 60087

```
Pygar Incorporated
PO Box 3147
Kirkland, WA 98083


Snap-On Industrial Brands
23001 Network Place
Chicago, IL 60673


The CBE Group, Inc.
1309 Technology Pkwy
Cedar Falls, IA 50613
```

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Luminous Chao, Inc.**

Debtor(s)

Case No.

Chapter  **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Luminous Chao, Inc.**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**October 14, 2016**

Date

**/s/ John J Lynch**

**John J Lynch 6270193**

Signature of Attorney or Litigant

Counsel for  **Luminous Chao, Inc.**

**Lynch Law Offices, P.C.**
**1011 Warrenville Road, Ste. 150**
**Lisle, IL 60532**
**630-960-4700 Fax:630-324-7131**
**JLynch@Lynch4Law.Com**